Good morning, Iris. Frank Sparrow is appearing for petitioner. This particular case deals with whether or not this case should have been viewed as a mixed motive asylum matter given the admitted paucity of evidence regarding the motivations of the warlords. I cannot state that the record is altogether clear on that. Indeed, one of the witnesses rather regrettably characterized it as a private difference. However, the I believe in this case we have to look at the context and look at the country. Admittedly, as the I.J. had to concede, there were murders, and she found that it was essentially a private vendetta. But we have to look at the context of this country. This is Afghanistan. This was the muhajideen who we all know transmogrified into the Taliban. They are an inherently political, religious organization. They are not like this here in Lopez Mojano where you have what appear to be criminal activities, but yet there's a subterranean political motivation. The Taliban is In this record, counsel, is there anything that we can look to that's in any way concrete suggesting that any of these threats, or if they were made, or these murders had anything to do with anything other than kind of private fights? Here's the problem. I mean, clearly I was not the attorney.  I'm not going to try to give you any kind of concrete evidence. I'm going to put it on the record below. So I have to agree. She also – what's curious about the record below is that it's not necessarily clear that it was done for political reasons, but it doesn't even necessarily show that it was done for personal reasons. I mean, it sort of stated – But the burdens on her – I understand that, Judge, and clearly that is one of the problems in this case, and I'm not going to trigger code the problem, the evidentiary problem. That's why I think, again, you do have to look at the broader context of this particular – of the country. I mean, there's voluminous country conditions that were presented demonstrating that the Taliban do not do things – they're not a prosaic criminal organization. Their – but their raison d'etre is to impose Islamic fundamentalism. And I think that sort of dovetails into her second claim, that she was more of a secular, democratic-type person. So it's not a coincidence, we submit – it has to be done circumstantially, I agree – that these murders were not done just for the heck of it, that they – that the Taliban reaps terror on people who they believe are not acceding to their Islamic fundamentalist view of the future of Afghanistan. So our argument is that the IJ didn't look at the picture, the total picture in terms of Afghanistan, and sort of made a zero-sum game by saying, I don't have quite enough in terms of the subjective motivation of the persecutors. Consequently, I assume that a private vendetta. So, I mean, what we would ask is a remand for the matter to be viewed more clearly through the prism of the political landscape of Afghanistan. And I would reserve a few more moments. MS. Good morning, Jill Ptacek for the United States. Thank you for the opportunity to see this gorgeous building. It's very nice. The issue here is Ms. Azizi has been seeking asylum based on her claim that she has in the past or will in the future be persecuted based upon a political opinion that is imputed to her. And as Counsel points out, it's true that you can have a mixed motivation element to this and that there could be persecution in the past that was driven both by personal issues plus political issues. But the question here is, is there enough evidence to compel the conclusion that political motivation was even a part of the reason that this warlord killed various members of this respondent's husband's family? And the immigration judge looked at that issue and there was evidence on the record that this was taking place in Afghanistan, that the Taliban had been in power, was no longer in power. I think she was probably fully aware that Afghanistan is a war-torn country and she looked at the evidence and decided that the respondent had not met her burden of showing that she had a well-founded fear of future persecution. And we would submit that that was the correct conclusion. We'll give you a little extra time to go look at our beautiful building. Do you have any other questions? No, thank you. All right. Thank you, counsel. The matter just argued will be submitted next to your argument in Williams.
judges: Fletcher, Rymer, Duffy